*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* L. T. CHARBONEAU, Minor.

UNPUBLISHED
July 21, 2022

No.  358380
Wayne Circuit Court
Family Division
LC No.  2021-000092-NA

Before:  JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order finding that termination of his parental rights was in the best interests of the minor child, LTC, under MCL 712A.19b(5).  We affirm.

## I.  FACTUAL BACKGROUND

On February 8, 2021, petitioner, the Department of Health and Human Services (DHHS) filed the original petition for termination of respondent's parental rights to LTC, which alleged that respondent had sexually abused his stepdaughter, the daughter of his current wife, from the age of nine[1] until shortly before December 16, 2020, when she was 15 years old and disclosed the abuse at a Kids-TALK forensic interview.  The petition further alleged that, on December 16, 2020, respondent had been arrested and charged with three counts of first-degree criminal sexual conduct and, in a second pending case, was charged with two counts of second-degree criminal sexual conduct.  The second case involved allegations of sexual abuse by a friend of the stepdaughter.

On May 18, 2021, the DHHS filed an amended petition, which included the allegations in the original petition as well as additional allegations by the two previously mentioned victims (respondent's stepdaughter and her friend) and a third victim.  The third victim participated in a Kids-TALK forensic interview and disclosed instances of abuse, including a game during which respondent made LTC undress in front of him and other children.  The third victim described how,

---

[1] The petition stated that the abuse of the stepdaughter began when she was nine years old.  At the preliminary hearing on February 8, 2021, the Children's Protective Services worker testified that the stepdaughter indicated the abuse began when she was five years old.

-1-

during the game, respondent would spin a bottle around while the children were in a circle and instruct the children to take off an article of clothing if the bottle landed on them. The petition also alleged that, on August 4, 2020, respondent had taken the stepdaughter and LTC camping over the weekend. LTC told his mother that respondent told him to sleep outside in the hammock and respondent and the stepdaughter slept in the tent. The petition stated that LTC told his mother "that he heard movement in the tent throughout the night" and LTC came home with mosquito bites all over his body from sleeping outside the tent.

At the pretrial hearings on February 24, 2021, and May 21, 2021, respondent was informed of his rights, and stated that he understood his rights and had no questions. At the pretrial hearing on June 11, 2021, respondent pleaded no contest[2] to the jurisdictional allegations and the trial court accepted his no contest plea and exercised jurisdiction over LTC. The trial court found by a preponderance of the evidence that grounds for jurisdiction were established pursuant to MCL 712A.2(b). Respondent then pleaded no contest to the statutory grounds for termination listed in the petition, which were MCL 712A.19b(3)(g) (failure to provide proper care and custody) and (j) (risk of harm if returned to parent). The trial court found clear and convincing evidence to support termination under both grounds.

At the best interest hearing on July 15, 2021, the trial court found that on the basis of the evidence in the whole record, LTC would be at risk of abuse and/or neglect in the future. The trial court further found that LTC had the right to be raised in a safe and stable environment, which he had with his mother and her partner. In addition, the trial court stated that based on respondent's inappropriate contact with the stepdaughter, the court would not risk exposing LTC to such inappropriate contact. Therefore, the trial court held that, by a preponderance of the evidence, termination of respondent's parental rights was in LTC's best interests. Respondent now appeals.

## II. ANALYSIS

On appeal, respondent argues that the trial court erred by finding that it was in the best interests of LTC to terminate respondent's parental rights. We disagree.[3]

"Best interests are determined on the basis of the preponderance of the evidence." *In re LaFrance Minors,* 306 Mich App 713, 732-733; 858 NW2d 143 (2014). This Court reviews a trial court's decision regarding a child's best interests for clear error. *In re Laster*, 303 Mich App 485, 496; 845 NW2d 540 (2013). "A finding is clearly erroneous if, although there is evidence to

---

[2] The no contest plea was based on potential criminal liability. The criminal charges against respondent had not yet been brought to trial.

[3] To the extent respondent argues that the DHHS failed to make reasonable reunification efforts, this issue was not properly presented in the statement of questions presented. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Moreover, because the reasonableness of reunification efforts relates to the sufficiency of the evidence for termination, *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005), and respondent entered a plea to the statutory grounds, this issue is waived, see *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

MCL 712A.19b(5) provides:

> If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made.

In *In re Moss*, 301 Mich App 76, 89; 836 NW2d 182 (2013), this Court held:

> [O]nce a statutory ground for termination is established, i.e., the parent has been found unfit, the focus shifts to the child and the issue is whether parental rights *should* be terminated, not whether they can be terminated. Accordingly, at the best-interest stage, the child's interest in a normal family home is superior to any interest the parent has.

This Court has held that how a parent treats one child is probative of how that parent may treat other children. *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001). A trial court may consider evidence introduced by any party and consider the evidence on the whole record to determine whether termination is in a child's best interests. *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000), abrogated in part by statute on other grounds as stated in *Moss*, 301 Mich App at 83.

The record shows that three individual underage females reported sexual abuse allegations against respondent that were confirmed during Kids-TALK forensic interviews. Respondent had been sexually abusing the stepdaughter for more than six years[4], and she had been too afraid to report it until her friend came forward with her allegations. There was also evidence that LTC was included in a "spin the bottle" game during which respondent ordered him and the stepdaughter to take off all their clothes, in front of respondent and two other children. LTC never disclosed or confirmed this, but he reported several other "uncomfortable" situations that he did not understand at the time, but realized what was happening after he learned of the allegations. For instance, LTC reported that on another occasion while camping with respondent and the stepdaughter, respondent asked LTC to leave the tent for a little while, and when LTC returned to the tent he thought it "smelled funny." LTC further reported that the sexual allegations made him angry, he was no longer able to trust respondent, and he did not want to have any further contact with respondent. Although respondent vehemently denied any sexual abuse, he had already pleaded no contest to the allegations.

In support of his argument that termination was not in LTC's best interests, respondent argues that there was no evidence that he was attracted to male children, and no evidence that he assaulted LTC or harbored any desire to harm him. Respondent further claims that it was highly speculative to presume that LTC was at risk of harm in the future, that he always had a great

---

[4] See footnote 1.

relationship with LTC, and that it was possible for him to safely maintain a relationship with LTC. Respondent also simply states that LTC needs his father.[5] Respondent did not cite case law in support of these arguments. Therefore, the Court considers these arguments to be abandoned. *Blackburne & Brown Mortg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) ("An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position. Insufficiently briefed issues are deemed abandoned on appeal.") (Quotation marks and citations omitted.) However, even addressing the arguments, the fact that respondent only assaulted female children is clearly not a reason to believe that LTC, as a male, would be safe in respondent's care. As stated above, LTC was subjected to a "spin the bottle" game during which respondent instructed him to remove his clothing, and while camping he was told to wait outside a tent while respondent sexually assaulted the stepdaughter. Thus, respondent's argument that it was possible for him to safely maintain a relationship with LTC is meritless. The trial court found that LTC had two other "wonderful parents," LTC's mother and her partner, so respondent's blanket statement that LTC needed a father also fails. Lastly, respondent's argument that he always had a great relationship with LTC is unconvincing and seemingly misleading as LTC no longer desired to maintain a relationship with respondent, and LTC reported that he never really liked visiting respondent as respondent was often "angry and mad."

Accordingly, upon review of the record, we conclude that respondent's sexual abuse of the stepdaughter and two of her friends, and his abuse of LTC in making him undress in front of the other children and making him sleep outside the tent during camping trips so he could continue to sexually abuse the stepdaughter, coupled with his failure to acknowledge or accept any responsibility for his actions and the fact that LTC did not want to have any further contact with respondent, provided more than a preponderance of the evidence to support the trial court's finding that termination of respondent's parental rights was in LTC's best interests. The trial court did not clearly err in finding that termination of respondent's parental rights was in LTC's best interests.

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood

---

[5] Respondent also mentions in his brief on appeal that LTC lives with his mother and that "relative placement weighs against termination." The trial court correctly noted in its ruling during the best interests hearing that the court is "not required to consider that the child continues to reside with the mother as this is not considered a placement with relatives." A parent is not considered a "relative" for purposes of MCL 712A.13a(1)(j)—the statute requiring the court to consider a child's placement with relatives. *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016) ("[B]ecause BS's biological mother was not a 'relative' for purposes of MCL 712A.19a, the trial court was not required to consider that relative placement.").